UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00185-LLK

KEVIN WAYNE CASEY                                                                                    PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 15 and 20. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 11.)

The Administrative Law Judge (ALJ) found that Plaintiff's spine disorder, affective disorder, anxiety disorder, and hearing disorder limit him to unskilled, sedentary work. (Administrative Record (AR) at 15-16.) Plaintiff argues that he is more limited than the ALJ found in light of 1) the opinion of his treating advanced practice registered nurse (APRN), Leon Kehrer; 2) the opinion of one-time examining consultant, licensed clinical psychologist Lisa M. King, Psy.D.; and 3) his testimony and allegations of pain, psychological, and other subjective symptoms.

An ALJ is required to weigh opinions from APRNs, examining psychologists, and allegations of subjective symptoms based upon a weighing of multiple factors (as set forth at Social Security Ruling (SSR) 06-03, 2006 WL 2329939, 20 C.F.R. § 404.1527(c)(3)-(6), and 20 C.F.R. § 404.1529(c)(3)(i)-(vii)). Plaintiff's arguments are unpersuasive because they do not show that the ALJ abused her discretion in weighing these factors or that substantial evidence does not support the ALJ's findings. While substantial evidence may have supported a different weighing, this does not warrant judicial disturbance of the ALJ's decision for the reasons explained by the Sixth Circuit:

> The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009) (internal quotations eliminated).

Because the ALJ's decision is supported by substantial evidence and because Plaintiff's arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Plaintiff's disability claim and the ALJ's decision

Plaintiff is a younger individual born in 1975. (AR at 19.) He alleges that he became disabled in April 2015, after falling from a tree while helping a neighbor retrieve a cat. (AR at 41.) Physically, the ALJ found that Plaintiff suffers from a spine disorder that limits him to sedentary work. (AR at 15, 16). Mentally, even before the fall, Plaintiff suffered from affective and anxiety disorders (as well as addiction to alcohol, Lortab, and methamphetamines, which he overcame prior to 2015). (AR at 15; Docket # 15 at 3.) The ALJ found that Plaintiff's affective and anxiety disorders limit him to simple, routine tasks accomplished in no more than two-hour segments, with no production / quota-based tasks, and only occasional contact with supervisors, coworkers, and the public. (AR at 16.)

The ALJ found that Plaintiff is not disabled because, although he can no longer perform any past relevant work, he retains the ability to perform a significant number of unskilled, sedentary jobs in the national economy. (AR at 20.) Examples of such jobs include document preparer, ticket checker, and surveillance system monitor. (*Id.*)

## The ALJ's weighing of the medical opinions

The Orthopaedic Institute of Western Kentucky treated Plaintiff for his spine disorder. According to Plaintiff, advanced practice registered nurse (APRN) Leon Kehrer is "part of a multi-factorial treatment team at the Orthopaedic Institute." (Docket # 15 at 15.) In November 2017, apparently at Plaintiff's

request, APRN Kehrer completed the Attending Physician Restrictions form, finding, among other things, that Plaintiff's impairments would likely result in routine absences from work four or more days per month. (AR at 608.) The ALJ recognized that APRN Kehrer's findings, if accepted, would effectively preclude "any and all vocational activity." (AR at 17.) In determining Plaintiff's physical RFC for a limited range of sedentary work, the ALJ gave "little weight" to APRN Kehrer's opinion for several reasons:

> This level of limitation is manifestly too restrictive in light of the objective record. Rather, it appears to be premised more on the claimant's subjective assertions. Also, as a nurse practitioner, Mr. Kehrer is not actually considered an acceptable source to give a medical opinion.

(AR at 17-18.)

In December 2015, Plaintiff was examined at the request of the Commissioner by licensed clinical psychologist Lisa M. King, Psy.D. Dr. King opined, among other things, that Plaintiff is markedly limited in his abilities to tolerate stress and pressure of day-to-day employment and to sustain attention and concentration towards performance of simple repetitive tasks. (AR at 341.) In light of Dr. King's findings and the record as a whole, the Commissioner's non-examining program psychiatrist, Alex Guerrero, completed the Mental Residual Functional Capacity Assessment form. (AR at 92-95.) In determining Plaintiff's mental RFC, the ALJ gave "[n]o significant weight" to Dr. King's opinion and "great weight" to Dr. Guerrero's opinion. (AR at 18.) The ALJ discounted Dr. King's opinion for several reasons:

> This degree of mental limitation would arguably preclude any and all vocational activity and represents no more than a snapshot of the claimant's functioning at the time it was made. It is clearly not reasonably consistent with the claimant's psychological treatment history since the amended alleged onset date.

(AR at 19.)

**Plaintiff's first argument is unpersuasive.**

Plaintiff's first argument is that the ALJ erred in giving "little weight" to APRN Kehrer's opinion. (AR at 18; Docket # 15 at 14-18.) The argument is unpersuasive for three reasons. First, APRNs are not

acceptable medical sources.[1]  Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2.  "[O]nly 'acceptable medical sources' can be considered treating sources … whose medical opinions may be entitled to controlling weight."  *Id.* (citing 20 C.F.R. § 404.1527(c)(2)).  Additionally, an ALJ is not required to give particularly "good reasons," as contemplated by Section 404.1527(c)(2), for the weight assigned to a non-acceptable medical source.  Second, in completing the Attending Physician Restrictions form, APRN Kehrer only circled pre-prepared responses and left blank the portion of the form that asked him to identify the diagnoses upon which he premised his responses.  (AR at 608.)  An ALJ "may properly give little weight to a treating [source's] check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings."  *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016) (internal quotation eliminated).  Third, an ALJ weighs opinions from APRNs based on the following factors:

- How long the source has known and how frequently the source has seen the individual;

- How consistent the opinion is with other evidence;

- The degree to which the source presents relevant evidence to support an opinion;

- How well the source explains the opinion;

- Whether the source has a specialty or area of expertise related to the individual's impairment(s);

- Any other factors that tend to support or refute the opinion.

*Id.* at *4-5.  Plaintiff has not alleged or shown that the ALJ abused her discretion in weighing these factors or that a proper consideration of them required the ALJ to give more than a little weight to APRN Kehrer's opinion.

---

[1] While recent changes to the regulations now include APRNs among the list of "acceptable medical sources," the changes are expressly not retroactive.  *See* 20 C.F.R. § 404.1502(a)(7) ("Acceptable medical source means a medical source who is a[n] … [APRN] … for impairments within his or her licensed scope of practice … only with respect to claims filed … on or after March 27, 2017.").  Plaintiff filed his claim in 2015.  (AR at 12.)

**Plaintiff's second argument is unpersuasive.**

Plaintiff's second argument is that the ALJ erred in giving "[n]o significant weight" to Dr. King's opinion and "great weight" to Dr. Guerrero's opinion. (AR at 18; Docket # 15 at 13-14.) The argument is unpersuasive for three reasons. First, because Dr. King was a one-time examining (as opposed to a treating) source, her opinion was not entitled to controlling weight, and the ALJ was not required to give particularly "good reasons" for the weight assigned to her opinion. *See* 20 C.F.R. § 404.1527(c)(2).[2] Second, while "[g]enerally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you," 20 C.F.R. § 404.1527(c)(1); an ALJ may prefer the non-examining source opinion if it "provides more detailed and comprehensive information than what was available to the individual's treating" or examining source or if it is "more consistent ... with the record as a whole." *Brooks v. Comm'r*, 531 F. App'x 636, 642 (6th Cir. 2013). Dr. Guerrero's opinion took into account Dr. King's findings, and the ALJ found that Dr. King's opinion was "not reasonably consistent with the claimant's psychological treatment history since the amended alleged onset date.[3]" (AR at 19.) Third, the relevant factors for weighing non-treating medical source opinions are: supportability, consistency, specialization, and other factors. 20 C.F.R. § 404.1527(c)(3)-(6).[4] Plaintiff has not alleged or shown that the ALJ abused her discretion in weighing these

---

[2] Section 404.1527(c)(2) states, in pertinent part: "If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion."

[3] The ALJ apparently is alluding to Dr. King's taking into account Plaintiff's history of self-injury and psychiatric hospitalization prior to his alleged onset of disability in 2015 (during a period of time in which he suffered from addictions that he subsequently overcame). (AR at 339.)

[4] Section 404.1527(c)(6) provides that the ALJ should consider "the amount of understanding of our disability programs and their evidentiary requirements that a medical source has," and Section 404.1513a(b)(1) provides that non-examining program "psychological consultants [such as Dr. Guerrero] are highly qualified and experts in Social Security disability evaluation."

factors or that substantial evidence required the ALJ to find a vocationally-significant limitation in addition to those stated in her RFC finding.

**Plaintiff's third argument is unpersuasive.**

Plaintiff's third and final argument is that the ALJ erred in evaluating the impact of his subjective symptoms (physical pain, psychological symptoms, and their interrelationships) on his ability to work. (Docket # 15 at 1-13.) In particular, Plaintiff objects to the ALJ's finding that his condition is not disabling, in part, because "the claimant has yet to require neurosurgery," "he does not appear to have ever actually been prescribed the use of a cane," and "he appears to have responded fairly well to injection therapy, receiving pain relief from his injections at the Orthopaedic Institute." (Docket # 15 at 4 quoting AR at 17.)

In evaluating the impact of subjective symptoms on ability to work, an ALJ considers the following factors: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication to alleviate pain or other symptoms; other types of treatments; other measures used to relieve pain or other symptoms; and other factors concerning functional limitations or restrictions. 20 C.F.R. § 404.1529(c)(3)(i)-(vii). The ALJ applied these factors at AR 16-17.

Plaintiff's argument is unpersuasive for two reasons. First, in limiting Plaintiff to sedentary work, the ALJ significantly credited his testimony and allegations of pain affecting his ability to stand/walk for prolonged periods of time. Needing neurosurgery, a cane, and injection therapy does not necessarily preclude sedentary work.[5] Second, Plaintiff has not alleged or shown that the ALJ abused her discretion

---

[5] For similar reasons, the dispute between Plaintiff and the Commissioner (in their fact and law summaries) regarding Plaintiff's smoking is not of case-dispositive significance. Plaintiff accuses the ALJ of "simply not examin[ing] the record in detail" because the ALJ held the fact that he has not had neurosurgery against his credibility. (Docket # 15 at 4.) Yet the "[o]rthopedic surgeon wants him to quit smoking before they will approve surgery," and he is in the process of "titrat[ing] off of cigarettes." (*Id.* at 8, 11.) The Commissioner counters that Plaintiff's accusation "evidences Plaintiff's own apparent unfamiliarity with the record" because the smoking/neurosurgery connection is just something Plaintiff mentioned to his mental health provider, and there is no indication that any neurosurgeon "actually recommended surgery." (Docket # 20 at 9-10.)

in weighing the relevant factors (noted above) or that substantial evidence required the ALJ to find a vocationally-significant limitation in addition to those stated in her RFC finding.

**ORDER**

Because the Administrative Law Judge's decision is supported by substantial evidence and is in accord with applicable legal standards, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

October 30, 2019

**Lanny King, Magistrate Judge
United States District Court**